[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON MOTION TO STRIKE
The present owner of the equity, having became so by virtue of its foreclosure of the second mortgage has filed a Special Defense claiming, in essence, that the plaintiff has failed to honor its request that it be furnished with a breakdown of the claimed debt in order that it might pay off the debt and avoid this foreclosure action. It claims that the amount of the debt must be reduced from the date March 11, 1999, ostensibly the date that it requested said information.
The plaintiff moves to strike the Special Defense because the defendant failed to pursue its statutory remedy and further because it fails to address the making, validity or enforcement of the mortgage or the note.
Practice Book § 23-18 allows the debt to be proved by an affidavit of the plaintiff "where no defense as to the amount of the mortgage debt is interposed." This defendant claims, in the brief to the court, that under General Statutes § 49-10a the plaintiff cannot collect payment of interest on the mortgage after the date of such request, until such payoff statement is furnished. Practice Book § 10-50 requires that payment be specially pleaded. A diminution of the amount of the plaintiffs claimed amount because of such penalty would be the equivalent of "payment" of the penalty amount, assuming that the plaintiff contests the factual allegation of the request, for and noncompliance with the request. That would set a factual issue as to the amount of the debt.
It is not adequate for a defendant in a foreclosure action to merely deny the amount of the claimed debt and hence cause an issue of fact to appear to exist by a general denial of the amount of the claim of debt. The person seeking to contest the amount of the debt must provide a factual basis for such defense. Practice Book § 23-18 allows the use of affidavit ". . . where no defense as to the amount of the mortgage debt is interposed. . .". "Insufficient knowledge" is not adequate.Connecticut National Bank v. N.E. Owen II, Inc., 22 Conn. App. 468, 473
(1990). However, where the defendant has calculated, and provided specific detailed testimony as to his claim of the amount of the debt, which differs from that of the plaintiff, this can satisfy the requisite of interposing a defense. See Burritt Mutual Savings Bank of New Britainv. Tucker, 183 Conn. 369, 374 (1981). Furthermore a defendant who has bona fide doubt as to the amount of the debt has every right to accomplish by discovery, as directed to the foreclosing party, interrogatories and production to attempt to compare with his own figures which he claims from the basis of his defense to be the amount. See Practice Book Section 13-6. "A defendant mortgagor should not be able to CT Page 7959 use a hearing on a motion of judgment of foreclosure to accomplish what he should have done previously through interrogatories or a deposition."Connecticut National Bank v. N.E. Owen II, Inc., supra p. 473.
The actual amount of the debt is critical to the foreclosure process, for both the determination of sums to redeem, and throughout the process of foreclosure of sale. When the pleadings are closed the matter should be claimed for a hearing on the legal and factual claims as to the amount of the debt.
The motion to strike is denied.
 ___________________, J. L. Paul Sullivan